FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

2009 DEC -2 A 9: 42

CLERK US DISTRICT COURT

| | |
|---|---|
| **RAYLENE MCKENZIE**<br>    Plaintiff,<br>v.<br><br>**PENTAGROUP FINANCIAL, LLC**<br>**AND**<br>**SPRINT NEXTEL CORPORATION**<br>    Defendants. | CASE #:  3:09-CV-761-HEH<br><br>JURY TRIAL DEMANDED |

### COMPLAINT

**COMES NOW** the Plaintiff, by counsel, and for her Complaint against the Defendants, respectfully says as follows:

### PRELIMINARY STATEMENT

This is an action by a consumer to recover actual damages, statutory damages, punitive damages, attorney fees and costs, for Pentagroup Financial, LLC's violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.* and Sprint Nextel Corporation's violation of the discharge of the automatic stay 11 U.S.C.§524 *et seq.*

The Fair Debt Collection Practices Act (hereinafter "FDCPA") provides relief to consumers from egregious behavior from Debt Collectors. By sending a dunning letter while a consumer is in Bankruptcy and presumed to be discharged or at least included in the Bankruptcy is a violation of the FDCPA as the standard Fourth Circuit has adopted:

> Section 1692e, as explained above, generally prohibits "false, deceptive or misleading" collection activities. More specifically, as it applies to our situation, the provision prohibits the "false representation" of "the legal status of any debt." 15 U.S.C. § 1692e(2)(A). In this case, Turner's theory is that J.V.D.B. falsely represented the legal status of his debt by insinuating that, despite the debt's discharge in bankruptcy, Turner was nonetheless obligated to pay the $97.80 obligation that he had incurred to Pre-Paid before his bankruptcy

Jason M. Krumbein, Esq. VSBN 43538  jkrumbein@krumbeinlaw.com
Caroline F. Klosko, Esquire VSBN 78699  cklosko@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Raylene McKenzie
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone          804.673.4350 fax

Page 1 of 8

petition. In short, by asserting Turner owed a debt that no longer existed, on its face the letter was false. Relying on Hubbard v. National Bond & Collection Associates, 126 B.R. 422, 427 (D.Del.), aff'd without opinion, 947 F.2d 935 (3d Cir. 1991), the district court granted summary judgment to J.V.D.B., reasoning that, as a matter of law, the debt collector lacked knowledge of Turner's bankruptcy and therefore could not be held liable for sending Turner a collection letter regarding the debt to Pre-Paid.

Although J.V.D.B. was unaware of the bankruptcy, under § 1692e **ignorance is no excuse**. [emphasis added]. This circuit has held that "§ 1692e applies even when a false representation was unintentional." Gearing v. Check Brokerage Corp., 233 F.3d 469, 472 (7th Cir.2000) (citing Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996) (**because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages**)) [emphasis added]. Moreover, our test for determining whether a debt collector violated § 1692e is objective, turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer. Gammon v. GC Servs. Ltd. P'Ship, 27 F.3d 1254, 1257 (7th Cir.1994); see also id. at 1259 (Easterbrook, J., concurring) (reasoning that "the trier of fact must inquire whether a misleading implication arises from an objectively reasonable reading of the communication"). Although the existence of the debt collector's knowledge may be relevant insofar as it sheds light on the actual effect that a communication is likely to have on the unsophisticated consumer, the debt collector's subjective intent or belief is not dispositive of our inquiry under § 1692e. Id. at 1258. Regarding § 1692e, then, it was legal error for the district court to treat J.V.D.B.'s lack of knowledge as determinative and to grant summary judgment on that basis. Furthermore, a

Jason M. Krumbein, Esq. VSBN 43538   jkrumbein@krumbeinlaw.com
Caroline F. Klosko, Esquire VSBN 78699   cklosko@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
**Counsel for Raylene McKenzie**
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone        804.673.4350 fax

> reasonable jury could conclude as a matter of fact that a misleading implication (that Turner had to pay the $97.80 debt) arises from an objectively reasonable reading of J.V.D.B.'s collection letter of March 29, 2001. We therefore reverse as to § 1692e.
>
> We observe that, on remand, the district court might confront the question of knowledge if J.V.D.B. were to put forth a proper motion asserting the affirmative defense provided by § 1692k(c). Id. Under that subsection, which is entitled "Intent," a debt collector that violates § 1692e, or any other substantive provision of the FDCPA, can avoid liability by proving by a preponderance of the evidence that (1) the violation was unintentional, resulting from a "bona fide error," and (2) that error occurred "not-withstanding the maintenance of procedures reasonably adapted to avoid any such error." Jenkins v. Heintz, 124 F.3d 824, 828 (7th Cir.1997). To the extent that J.V.D.B. were to rely on § 1692k(c), proof that it was unaware of the bankruptcy would be a logical first step. J.V.D.B. could also show that it had taken reasonable preventive measures to avoid such mistakes (such as an agreement with its creditor-clients that debts are current and the demand letter was sent soon after the assignment).

*Turner v. J.V.D.B. & Associates, Inc.* 330 F.3d 995, 996 (7th Cir., 2003)

The discharge provides an opportunity for a "fresh start" to a debtor-in-bankruptcy so that they are free from the collection efforts of the debts discharged.

> Section 362(a)(6) prohibits pre-petition creditors from taking "any act to collect, assess, or recover a claim against the debtor that arose before [the filing of a bankruptcy petition]" until the bankruptcy proceeding is closed or dismissed. Section 524(a)(2) "operates as an injunction against . . . an act, to collect . . . [discharged debt] as a personal liability of the debtor". Other subsections prohibit using legal process to collect, enforcing a prepetition judgment, or exercising control over the property of the debtor. See §§ 362(a)(1)–(3), 524(a)(1)–(3).

*Kuehn v. Cardinal Stritch University, Inc.* 563 F3d 289 (7th Cir., April 16, 2009)

Jason M. Krumbein, Esq. VSBN 43538   jkrumbein@krumbeinlaw.com
Caroline F. Klosko, Esquire VSBN 78699  cklosko@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Raylene McKenzie
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone        804.673.4350 fax

## JURISDICTION, VENUE, CORE PROCEEDING and JURY DEMAND

1. This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).
2. Venue is properly laid in this jurisdiction pursuant to 15 U.S.C. §1692k and 28 U.S.C. §1391(b) and (c), because the actions complained of occurred primarily (if not exclusively) in the Eastern District of Virginia.
3. **TRIAL BY JURY IS HEREBY DEMANDED FOR ALL MATTERS SO TRIABLE.** See FRCP 38 and US Const. Amend. VII.

## PARTIES

4. Raylene McKenzie (hereinafter "Plaintiff") is a consumer pursuant to 15 U.S.C. §1692a(3).
5. Plaintiff was a debtor-in-bankruptcy pursuant to 11 U.S.C. §101(13).
6. On information and belief, Defendant Pentagroup Financial, LLC (hereinafter "Pentagroup") is a Debt Collector as that term is defined in 15 U.S.C. §1692a(6).
7. On information and belief, Pentagroup actually collects debts due another.
8. On information and belief, Pentagroup is a Texas Corporation, not registered with the State Corporation Commission, without a Registered Agent and therefore may be served to the following: Frank S. Russo, CEO, Pentagroup Financial, LLC, 5959 Corporate Drive, Suite 1400, Houston, TX 77036.
9. On information and belief, Defendant, Sprint Nextel Corporation(hereinafter "Sprint") is a listed and scheduled creditor pursuant to 11 U.S.C. §101(10)(A) in the Plaintiff's Bankruptcy proceedings.
10. On information and belief, Sprint is a Kansas Corporation, registered with the State Corporation Commission, with a Registered Agent and therefore may be served to the following: Corporation Service Company, 11 S. 12th Street, PO Box 1463, Richmond, VA 23218.

## FACTS

11. Plaintiff incurred a debt with Sprint for personal, family or household use before June 23, 2008, bringing the debt in question within the Fair Debt Collection Practices Act.
12. Plaintiff filed a Chapter 7 Bankruptcy in the Eastern District of Virginia, Richmond Division Bankruptcy Court on June 23, 2008, case number 3:08-BK-32867-DOT.

Jason M. Krumbein, Esq. VSBN 43538  jkrumbein@krumbeinlaw.com
Caroline F. Klosko, Esquire VSBN 78699  cklosko@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
**Counsel for Raylene McKenzie**
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone      804.673.4350 fax                                                Page 4 of 8

13. Sprint was listed and scheduled in the aforementioned Bankruptcy. See Exhibit "A" – Schedule F of Plaintiff's Bankruptcy.
14. The Meeting of Creditors date was on July 29, 2008 at approximately 10:00 am. See Exhibit "B" – Notice of Meeting of Creditors.
15. The Chapter 7 Bankruptcy panel trustee was Roy M. Terry.
16. Sprint did not appear at the Meeting of Creditors.
17. Sprint did not file an Objection to the Plaintiff's discharge.
18. On or about September 5, 2008, Plaintiff's attorney's office sent a letter to Sprint advising them of Plaintiff's Bankruptcy including the Notice of Meeting of Creditors. See Exhibit "C" – Letter to Sprint, dated September 5, 2008.
19. Plaintiff received her discharge on October 6, 2008. See Exhibit "D" – Notice of Discharge.
20. Upon information and belief, Sprint sold and/or transferred the account to Pentagroup before June 26, 2009 for the purposes of collection.
21. Upon information and belief, Sprint had actual knowledge that the debt was included in Bankruptcy and knew or should have known that Pentagroup intended on trying to collect this discharged debt.
22. On or about June 26, 2009, Pentagroup mailed a dunning letter to Plaintiff regarding a listed and scheduled debt in the aforementioned Bankruptcy. See Exhibit "E" – redacted dunning letter dated June 26, 2009.

## COUNT ONE:
## Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692e.
[Pentagroup only]

23. Plaintiff restates and re-alleges paragraphs 1-22.
24. Defendant has violated the FDCPA 15 U.S.C. §1692e, in that they used means that are false and misleading in the collection of a consumer debt.
25. Plaintiff is entitled to ACTUAL damages, STATUTORY damages, attorney fees, and costs, pursuant to 15 U.S.C. §1692k[a].

Jason M. Krumbein, Esq. VSBN 43538  jkrumbein@krumbeinlaw.com
Caroline F. Klosko, Esquire VSBN 78699  cklosko@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Raylene McKenzie
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone        804.673.4350 fax                                           Page 5 of 8

## COUNT TWO:
## Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692e[2].
### [Pentagroup only]

26. Plaintiff restates and re-alleges paragraphs 1-22.

27. Defendant has violated the FDCPA 15 U.S.C. §1692e[2], in that they falsely stated that the debt was valid as against the plaintiff in the collection of a consumer debt, when in fact, it is included and DISCHARGED in Bankruptcy.

28. Plaintiff is entitled to ACTUAL damages, STATUTORY damages, attorney fees, and costs, pursuant to 15 U.S.C. §1692k[a].

## COUNT THREE:
## Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692e[2][a].
### [Pentagroup only]

29. Plaintiff restates and re-alleges paragraphs 1-22.

30. Defendant has violated the FDCPA 15 U.S.C. §1692e[2][a], in that they falsely stated the amounts due, in the collection of a consumer debt.

31. Plaintiff is entitled to ACTUAL damages, STATUTORY damages, attorney fees, and costs, pursuant to 15 U.S.C. §1692k[a].

## COUNT FOUR:
## Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692e[10].
### [Pentagroup only]

32. Plaintiff restates and re-alleges paragraphs 1-22.

33. Defendant has violated the FDCPA 15 U.S.C. §1692e[10], in that they used a false representation in the collection of a consumer debt or obtain information concerning a consumer, in the collection of a consumer debt.

34. Plaintiff is entitled to ACTUAL damages, STATUTORY damages, attorney fees, and costs, pursuant to 15 U.S.C. §1692k[a].

Jason M. Krumbein, Esq. VSBN 43538  jkrumbein@krumbeinlaw.com
Caroline F. Klosko, Esquire VSBN 78699  cklosko@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
**Counsel for Raylene McKenzie**
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone       804.673.4350 fax

## COUNT FIVE:
## Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692f.
### [Pentagroup only]

35. Plaintiff restates and re-alleges paragraphs 1-22.

36. Defendant has violated the FDCPA 15 U.S.C. §1692f, in that they used unfair or unconscionable means to collect the alleged debt by sending the dunning letter in hopes that Plaintiff would pay.

37. Plaintiff is entitled to ACTUAL damages, STATUTORY damages, attorney fees, and costs, pursuant to 15 U.S.C. §1692k[a].

## COUNT SIX:
## Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692f[1].
### [Pentagroup only]

38. Plaintiff restates and realleges paragraphs 1-22.

39. Defendant has violated the FDCPA 15 U.S.C. §1692f[1], in that they collected or attempted to collect an amount other than one authorized by the agreement or permitted by law, in the collection of a consumer debt, as they were not entitled to any funds as it is included in Bankruptcy.

40. Plaintiff is entitled to ACTUAL damages, STATUTORY damages, attorney fees, and costs, pursuant to 15 U.S.C. §1692k[a].

## COUNT SEVEN:
## Violation of the Automatic Stay, 11 U.S.C. §362.
### [Sprint only]

41. Plaintiff restates and realleges paragraphs 1-22.

42. Defendant has WILFULLY violated the Automatic Stay of the Plaintiff's bankruptcy 11 U.S.C. §362 by assigning an account that they had actual knowledge was listed and scheduled in Bankruptcy to a debt collector for collections.

43. Defendant should be held in contempt of court for knowingly selling a Bankrupt debt with knowledge that the debt would be collected on and failing to notate or otherwise inform the collector that the debt was included in Bankruptcy.

44. Plaintiff is entitled to ACTUAL damages, PUNITIVE damages, attorney fees, and costs, pursuant to 11 U.S.C. §524 and §105.

Jason M. Krumbein, Esq. VSBN 43538  jkrumbein@krumbeinlaw.com
Caroline F. Klosko, Esquire VSBN 78699  cklosko@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Raylene McKenzie
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone       804.673.4350 fax

**WHEREFORE**, the Plaintiff by Counsel, respectfully requests this court to enter judgment on her behalf for violations of the Fair Debt Collection Practices Act against Pentagroup, for actual damages, statutory damages, attorney fees, and costs and to enter judgment on her behalf against Sprint for their WILLFUL violations of the Automatic Stay for actual damages, punitive damages, attorney fees, and costs.

RAYLENE McKENZIE

/s/ Jason M. Krumbein, Esq.
by: Jason M. Krumbein, Esq. VSBN 43538  jkrumbein@krumbeinlaw.com
Caroline F. Klosko, Esquire VSBN 78699  cklosko@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Raylene McKenzie
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone
804.673.4350 fax

Jason M. Krumbein, Esq. VSBN 43538  jkrumbein@krumbeinlaw.com
Caroline F. Klosko, Esquire VSBN 78699  cklosko@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Raylene McKenzie
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone     804.673.4350 fax                                    Page 8 of 8